## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DOWLING COLLEGE,<br><br>               Debtor,<br>---------------------------------------------------------------<br>LORI ZAIKOWSKI on behalf of herself and all others similarly situated,<br><br>               Plaintiff,<br><br>               v.<br><br>DOWLING COLLEGE, aka DOWLING COLLEGE ENTERPRISE FOUNDATION, INC., dba DOWLING INSTITUTE, dba DOWLING COLLEGE ALUMNI ASSOCIATION, dba CECOM,<br>               Defendant. | Bankr. Case No. 8-16-75545-REG<br>Chapter 11<br><br><br><br>**ADVERSARY CLASS ACTION COMPLAINT**<br><br>**Adv. Case No. -_____-___** |

Plaintiff Lori Zaikowski ("Plaintiff") alleges on behalf of herself and a class of similarly situated former employees of Dowling College ("Dowling College" or "Debtor" or "Defendant"):

## NATURE OF THE ACTION

1.     Plaintiff brings this action on behalf of herself, and the other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about June 1, 2016 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and 90 days advance written notice of

their terminations by Defendant, as required by the New York Worker Adjustment and

Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq.*

(collectively, the "WARN Acts").

2.      Plaintiff and all similarly situated employees seek to recover up to 60 days wages

and benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-(G)(2), from Defendant.

3.      Plaintiff and all similarly situated employees also seek to recover unpaid wages,

including accrued vacation amounts for work performed after June 1, 2016, for which they were

not compensated, under the payment of wages laws of New York, and amounts due under the

terms of their employment contract with Defendant.

4.      Plaintiff's claims, as well as the claims of all similarly situated employees, are

entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(4) or (5), and the remainder as a

general unsecured claim.

## **BACKGROUND**

5.      Until its bankruptcy filing on November 29, 2016, Defendant had operated for

almost 50 years as a private liberal arts college, with a main campus in Oakdale, New York and

several other locations throughout the state.

6.      For several years prior to its bankruptcy, Defendant had been struggling with

declining student enrollment, financial struggles, poor borrowing rates and high turnover among

its executives, including six presidents over a period of seven years.

7.      On information and belief, from 2011 and 2012, student enrollment declined more

than 15 percent. In 2013, enrollment fell again, from 3,716 to about 2,500 students.

8.      By 2014, Defendant was about $54 million in debt.

9.     In the years prior to its bankruptcy, Defendant engaged in financial transactions with businesses linked to its board of trustees. Tax records filed with the Internal Revenue Service show that from 2006 to 2010, Defendant paid more than $4.6 million to businesses affiliated with four of its trustees.

10.     On or about June 1, 2016, Defendant abruptly announced that it would close within days. Some announcements by Debtor stated June 3rd as the closing date, while other announcements stated that June 8th would be the closing date.

11.     In its filing with the New York State Department of Labor dated June 3, 2016, Defendant stated that over 400 employees were terminated on or about June 1, 2016.

12.     In June 2016, Defendant announced that Dowling College would lose its accreditation on August 31, 2016, following a two year review with an oversight agency.

13.     On or about August 10, 2016, Defendant officially filed a notice of closing with New York's Education Department, the U.S. Department of Education, New York's attorney general's office and the Middle States Commission on Higher Education, the accrediting agency that rescinded Defendant's accreditation. In those filings, Defendant stated that August 31, 2016 would be the date that Dowling College would officially close.

14.     Defendant ceased to be an educational institution at the end of the day on August 31, 2016.

15.     Defendant failed to pay medical, dental, and vision claims of its employees, including Plaintiff and the putative Class Members, from January 1, 2016 through August 31, 2016.  On information and belief, Defendant deducted premiums from employees' paychecks, but did not pay out the claims that were incurred by employees.

16.     On information and belief, Defendant failed to pay wages earned by full-time faculty employees for the period September 2015 through May 2016 academic year.

17.     The last full paycheck received by Plaintiff was on or about May 19, 2016.

18.     On information and belief, Defendant failed to pay wages earned by employees during the period January 1, 2016 through June 1, 2016, including the Department Chair salary, Independent Study salary, Internship salary, Theses salary, Per Capita salary, and Dissertation salary.

19.     On information and belief, Defendant failed to pay earned salary deferrals that were due within 30 days of employees' separation from Defendant.

20.     On information and belief, during the relevant time period, Defendant removed or froze the funds in its employees' Flex Benefit Health Cost reimbursement accounts, thereby preventing employees from processing reimbursements.

21.     On information and belief, in July 2016, Defendant stopped paying recently retired faculty their Early Retirement Incentive Pay (ERIP), as required by contracts between Defendant and retired faculty.

22.     On November 29, 2016, Defendant filed for Chapter 11 bankruptcy in this Court.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

24.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

25.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409, 29 U.S.C. § 2104(a)(5), and NYLL § 860-G(7).

26.     The Court has jurisdiction over Defendant because it conducted business in this District and a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## THE PARTIES

### *Plaintiff*

27.     Plaintiff was employed by Defendant as a professor of chemistry and department chair and worked at Defendant's facility located at 150 Idle Hour Boulevard, Oakdale, NY 11769   (the "Oakdale Facility") until her termination as part of a mass layoff and/or plant closing that began on or about June 1, 2016.

### *Defendant*

28.     Upon information and belief, at all relevant times, Defendant was a New York corporation, with headquarters at the Oakdale Facility.

29.     Until its closing in 2016, Defendant was a not-for-profit provider of secondary education in the state of New York.

30.     In addition to the Oakdale Facility, Defendant operated its business at locations throughout the state of New York (together with the Oakdale Facility, the "Facilities").

31.     Until on or about June 1, 2016, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to one of Defendant's locations.

32.     On or about June 1, 2016, Defendant informed its employees that they were terminated, or would be terminated as part of the closure of Dowling College.

33.     Defendant did not provide Plaintiff or the similarly situated employees with any notice of their termination prior to informing them that they had been terminated.

## FEDERAL WARN CLASS ALLEGATIONS

34.    Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on her own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about June 1, 2016 and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about June 1, 2016, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

35.    The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, it is estimated at approximately 400, with the actual number within the sole control of Defendant.

36.    On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

37.    On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the Defendant's books and records.

38.    Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

      (a)    whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

      (b)      whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Acts;

      (c)      whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

39.     Plaintiff's claims are typical of those of the WARN Class.  Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were terminated without cause on or about June 1, 2016, due to the mass layoffs and/or plant closings ordered by Defendant.

40.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoffs or plant closings at the Facilities.

41.     Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Acts and employment litigation.

42.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation  – particularly in the context of WARN Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

43.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that

might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

44.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT CLASS ALLEGATIONS

45.     Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of herself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about June 1, 2016, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about June 1, 2016, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class").

46.     The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

47.     On information and belief, Defendant employed at least 50 employees within New York State as of the time notice was first required to be given.  On information and belief, Defendant terminated at least 25 full-time employees, within 30 or 90 days of June 1, 2016, from Facilities in New York State.

48.     On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendant.

49.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

50.     Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

(a)     whether the members of the NY WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant;

(b)     whether Defendant unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the NY WARN Act; and

(c)     whether Defendant unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Acts.

51.     Plaintiff's claims are typical of those of the NY WARN Class.  Plaintiff, like other NY WARN Class members, worked at or reported to Defendant's New York Facilities and was terminated on or about June 1, 2016, due to the termination of the Facilities ordered by Defendant.

52.     Plaintiff will fairly and adequately protect the interests of the NY WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

53.     Class certification of these Claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any

questions affecting only individual members of the NY WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

54.     Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

55.     Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### First Cause of Action: Federal WARN Act

56.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.     At all relevant times, Defendant employed as at least 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

58.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoffs or plant closings at the Facilities.

59.    At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

60.    On or about June 1, 2016, Defendant ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

61.    The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty –three percent of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

62.    Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

63.    Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

64.    Defendant were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

65.    Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

66.    Plaintiff, and each of the Class Members are, "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

67.    Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide

employee benefits including health insurance, for 60 days from and after the dates of their

respective terminations.

68.     The relief sought in this proceeding is equitable in nature.

**Second Cause of Action: New York WARN Act**

69.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

70.     At all relevant times, Defendant were an individual or private business entity

defined as "employer" under the NY WARN Act and continued to operate as a business until

they decided to order a mass layoff or plant closing at the Facilities as defined by § 860-A(3),(4).

71.     On or about June 1, 2016, Defendant ordered mass layoffs and/or plant closings at

its Facilities as defined by § 860-A(3),(4).

72.     Plaintiff and the New York Class Members suffered a termination of employment

as defined by § 860-A(2)(C) having been terminated by Defendant without cause on their part.

73.     Defendant were required by the NY WARN Act to give Plaintiff and New York

Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

74.     Defendant failed to give Plaintiff and New York Class Members written notice

that complied with the requirements of the NY WARN Act.

75.     Defendant failed to pay Plaintiff and each of the New York Class Members their

respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued

holiday pay and accrued vacation for 60 days following their respective terminations, and

benefits including health and life insurance coverage, for 60 days, that would have been covered

and paid under the then-applicable employee benefit plans had that coverage continued for that

period.

76.     The relief sought in this proceeding is equitable in nature.

### Third Cause of Action: Unpaid Wages - New York

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     Plaintiff and the New York Class Members were employees of Defendant.

79.     Defendant willfully failed to pay wages owed to Plaintiff and the New York Class Members by the next regular pay day, in violation of NYLL § 191.

80.     As a result of Defendant's violations of the NYLL, Plaintiff and the New York Class Members are entitled to recover from Defendant the full amount of wages owed to them, liquidated damages, reasonable attorneys' fees, the costs of the action, and pre-judgment and post-judgment interest.

81.     Plaintiff and the New York Class's unpaid wage claim is entitled to priority status treatment pursuant to 11 U.S.C. § 507(a)(4) and/or (5).

### Fourth Cause of Action: Breach of Contract and
### Implied Covenant of Good Faith and Fair Dealing

82.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83.     Plaintiff and the putative Class Members entered into valid, binding employment contracts with Defendant, whereby Plaintiff and the putative Class Members would provide valuable professional services in exchange for compensation.

84.     Plaintiff and the putative Class Members performed their duties as required by their employment contracts.

85.     Defendant's failure to pay Plaintiff and the putative Class Members their compensation constitutes a breach of contract.

86.     As a result of Defendant's breach, Plaintiff and the putative Class Members suffered severe economic loss.

87.     Accordingly, Plaintiff and the putative Class Members are entitled to damages from Defendant.

88.     Plaintiff and the putative Class's damages are entitled to priority status treatment pursuant to 11 U.S.C. § 507(a)(4) and/or (5).


### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A.  Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a class;

B.  Designation of Plaintiff as Class Representative;

C.  Appointment of the undersigned attorneys as Class Counsel;

D.  A judgment in favor of Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, health and life insurance, and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Acts, 29 U.S.C. § 2104(a)(1)(4) and NYLL § 860-G(7);

E.  A judgment in favor of Plaintiff and each of the "affected employees" for payment of accrued unpaid wages and vacation time, applicable liquidated damages and/or treble damages, and attorneys' fees and costs pursuant to NYLL §§ 191 and 198;

F.  A finding that Defendant's actions violated New York state contract law;

G.  Interest as allowed by law on the amounts owed under the preceding paragraphs;

H.  Treatment of all damage claims as a wage priority claims pursuant to 11 U.S.C. § 507(a)(4) or (5).

I.  Plaintiff's reasonable attorneys' fees and the costs and disbursements that Plaintiff incurred in prosecuting this action, as authorized by the WARN Acts, 29 U.S.C. § 2104(a)(6) and NYLL § 860-G(7); and

J.  Such other and further relief as this Court may deem just and proper.


Dated: December 1, 2016

Respectfully submitted,

By:    /s/ Jack A. Raisner
       Jack A. Raisner
       René S. Roupinian
       **Outten & Golden LLP**
       685 Third Avenue, 25th Floor
       New York, New York 10017
       Telephone:  (212) 245-1000
       Email: jar@outtengolden.com
       Email: rsr@outtengolden.com

       *Attorneys for Plaintiff and the putative Class*